**Hassan Nor ABDULKADIR, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–70339.

Agency No. A77–001–948.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 13, 2005.

Barton C. Winter, Minneapolis, MN, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego,

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Aviva Poczter, Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM***

Hassan Nor Abdulkadir, a native and citizen of Somalia, petitions for review from an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and finding that Abdulkadir filed a frivolous asylum application. We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence. *Kaur v. Ashcroft*, 379 F.3d 876, 884–85 (9th Cir.2004). We grant the petition for review.

Substantial evidence does not support the conclusion that Abdulkadir did not credibly testify about being a member of the Madiban caste. The IJ's conclusion that a Madiban member would not refer to himself as "Midgan" is based on impermissable conjecture, *see Singh v. INS*, 292 F.3d 1017, 1024 (9th Cir.2002), and ignores both Abdulkadir's admission "Midgan" is an insulting term in Somalia, *see Garrovillas v. INS*, 156 F.3d 1010, 1013–14 (9th Cir.1998) and the 2000 State Department Report identifying Madiban as a sub-clan of the Midgan caste.

Moreover, the record does not support the IJ's findings that Abdulkadir testified inconsistently about clan lineage, his mis-

treatment in Somalia by majority clan militia, and his presence at a Kenyan refugee camp. *See Ding v. Ashcroft*, 387 F.3d 1131, 1133 (9th Cir.2004) (holding that when the "bases for the IJ's adverse credibility finding are either unsupported or contradicted by the record evidence, the IJ's adverse credibility decision is not supported by substantial evidence."). The IJ also impermissibly relied on Abdulkadir's account of events surrounding his entry into the United States, because this "conduct concerns facilitating travel and entry into the United States and is 'incidental' to [Abdulkadir's] claim of persecution," and is an improper basis for an adverse credibility determination. *See Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir.1999).

In addition, the IJ improperly speculated about aspects of Abdulkadir's demeanor, such as his "noble deportment," eye contact with the IJ during testimony, and unemotional recollection. *See Singh*, 292 F.3d at 1024. Moreover, the IJ failed to cite to specific portions of Abdulkadir's testimony to support the conclusion that he was evasive. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir.2003).

Because we conclude that Abdulkadir provided credible testimony in support of his application, he was not required to supplement his testimony with extrinsic evidence. *See Kaur*, 379 F.3d at 889–90. Moreover, the BIA improperly found his application was frivolous under 8 U.S.C. § 1158(d)(6). *See Farah v. Ashcroft*, 348 F.3d 1153, 1157–58 (9th Cir.2003).

Accordingly, we grant the petition for review and remand to the BIA for a determination of whether, accepting Abdulkadir's testimony as credible, he is eligible for asylum, withholding of removal, and CAT protection. *See INS v. Ventura*, 537

***

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S. 12, 15–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**